UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LISA BECK,

    Plaintiff,

    v.

FEDEX GROUND, a business entity form unknown; SANDRA WILLIAMS, in her official and/or agency capacity, and not her individual capacity; DOES 1 through 10, inclusive,

    Defendants.

NO. CIV. S-07-0717 WBS KJM

ORDER RE: MOTION TO DISMISS

----oo0oo----

    Plaintiff Lisa Beck brings this action alleging state and federal causes of action stemming from conduct by her employer and her manager while she was in defendant FedEx Ground Package System Inc.'s ("FedEx") employ. Defendant Sandra Williams now moves to dismiss seven of the ten claims against her.

I.   <u>Factual and Procedural Background</u>

    Plaintiff was an employee of defendant FedEx. (Compl.

1

¶ 11.)  On May 24, 2004, plaintiff suffered an on-the-job injury when she was rear-ended while driving between the Stockton and Sacramento FedEx terminals.  (Id.)  After experiencing significant pain, plaintiff visited a doctor, who informed her that she had soft tissue damage and recommended she visit a chiropractor.  (Id.)  Plaintiff continued to work for several months, visiting the chiropractor three times a week.  (Id.)

The pain finally became too much for plaintiff, at which point she ceased working.  (Id.)  On February 21, 2005, plaintiff visited Dr. Perry, who performed tests and wrote a medical note with proposed "work modifications" for plaintiff through March 15, 2005.  (Id.)  Plaintiff presented the medical note to the Human Resources Manager at FedEx, defendant Sandra Williams, seeking modified duty in her position at FedEx.  (Id.)  Williams denied plaintiff's request for modified duty, explaining that it was not offered by FedEx.  (Id.)  Williams suggested that plaintiff seek workers compensation from FedEx's worker's compensation company, Crawford and Company ("Crawford").  (Id.)

Plaintiff contacted Crawford, and began receiving temporary disability benefits pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.[1]  (Id.)  Plaintiff continued to receive treatment from Dr. Perry three times a week, and Dr. Perry continued to recommend modified duty based on plaintiff's disability, providing notes to that effect on March 15, 2005, April 7, 2005, and May 6, 2005.  (Id.)  Williams

---

[1] The complaint is unclear as to when she contacted Crawford and Company, except to state that it was somewhere between September 22, 2004, and February 21, 2005. (Compl. ¶ 11.)

2

continued to refuse plaintiff's requests for modified duty. (Id.)

On May 18, 2005, Williams notified plaintiff that her benefits under the FMLA had expired, and that she had one week to find a job she was capable of performing within FedEx or else she would be terminated. (Id.) At some point later (during the week of August 8, 2005) Williams met with plaintiff and informed her that a position was available as a Recruiter in San Jose, California.[2] (Id.) Because plaintiff found the position in San Jose to be an unreasonable alternative, Williams said that perhaps "layoff" was the only option, and that she would approve unemployment benefits for plaintiff. (Id.) Accordingly, on August 15, 2005, plaintiff began receiving unemployment benefits. (Id.)

Several months later, in October, 2005, plaintiff contacted Vanguard (FedEx's 401(k) provider) and attempted to transfer her FedEx 401(k) retirement fund into an Individual Retirement Account ("IRA"). (Id.) Plaintiff was told, however, that she was still listed as an active FedEx employee "on leave," and thus she was not able to do so. (Id.) On April 13, 2007, plaintiff filed a complaint against FedEx and Williams, alleging: (1) wrongful termination due to physical disability in violation of California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12900 et seq.; (2) unlawful harassment due to physical disability (FEHA); (3) unlawful discrimination due to

---

[2] Although not specifically stated in the complaint, it appears that plaintiff was in fact terminated on or about May 23, 2005, at least to the extent that she no longer received medical benefits or a salary.

3

physical disability (FEHA); (4) unlawful denial of accomodation to employee with physical disability (FEHA); (5) unlawful denial of leave rights to employee with physical disability (FEHA); (6) violation of FMLA and the California Family Rights Act ("CFRA"); (7) retaliation (FEHA); (8) wrongful termination in violation of public policy (Tameny claim); (9) negligence; and (10) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.  Williams now moves to dismiss claims one, three, four, five, eight, nine, and ten.

II.  Discussion

    A.  Legal Standard

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal is appropriate, however, where the pleader fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    B.  FEHA - Claims One, Three, Four and Five

Williams moves to dismiss claims one, three, four, and five (all brought under FEHA) on the grounds that non-harassment claims under FEHA may only be brought against employers, not individuals.  In Reno v. Baird, the California Supreme Court held unequivocally that for non-harassment claims under FEHA,

4

1  "individuals who do not themselves qualify as employers may not
2  be sued under the FEHA for alleged discriminatory acts."  18 Cal.
3  4th 640, 663 (1998); see also Janken v. GM Hughes Electronics, 46
4  Cal. App. 4th 55, 72 (1996)("It is inconceivable that the
5  Legislature simultaneously intended to subject individual
6  nonemployers to the burdens of litigating such claims.  To so
7  construe the statute would be incongruous and would upset the
8  balance struck by the Legislature." (quotations omitted)).[3]

9        In response, plaintiff concedes that if she "were suing
10 Sandra Williams in her individual capacity" then the claims must
11 fail, but argues that she is suing Williams solely in "her
12 official and/or agency capacity, as allowed by caselaw."  (Opp'n
13 to Mot. to Dismiss 1.)  The concept of "official and/or agency
14 capacity" makes no sense whatsoever in the context of this case.
15 All of the cases cited by plaintiff were brought against a public
16 official working for a local, state, or federal government,
17 whereas in this case Williams is a private individual working for
18 a private company.

19        A suit against an public officer in his or her official
20 capacity is used to compel that officer to take some official
21 action.  The concept is inapplicable to suits against private
22 parties in a case such as this where the entity is also
23 susceptible to suit.  In this instance, FedEx can be, and is,

---

[3] Individual liability under FEHA for harassment claims is not precluded as a matter of law.  See, generally, Reno, 18 Cal. 4th at 660 ("Some of the FEHA provisions, such as those involving harassment, do, indeed, apply to individual persons as well as employers." (citing Gov't Code. § 12940(h)(1))).  Williams, however, does not seek to dismiss plaintiff's second claim, for harassment.

properly named in the complaint.  If supervisors or fellow employees could be sued for damages on non-harassment claims simply by adding the words "in their official and/or agency capacity" after their names in the caption, it would eviscerate the holding of Reno v. Baird, supra.

Even if suing a private individual in her official capacity were possible, it would be unnecessarily repetitive in this case.  Any relief available against Williams is already available against FedEx--naming Williams in the complaint is purely duplicative. See DeRay v. Larson, 283 F. Supp. 2d 706, 709-710 (D. Conn. 2003) ("While such official capacity suits are necessary when the defendants are government officers and their state or federal employer has sovereign immunity, a plaintiff who sues a private entity does not contend with a sovereign immunity bar to suit, and thus does not need an official capacity suit to circumvent that immunity.  As a result, it is unnecessary to allow a claim against a defendant in his or her official capacity when the entity of which he is an official is capable of being sued directly."); see also Groom v. Safeway, Inc., 973 F. Supp. 987, 992 (W.D. Wash. 1997) ("It would seem clear that Safeway, as a private employer, has no 'official'-capacity . . . ."). Accordingly, claims one, three, four and five will be dismissed against defendant Williams.

    C.    Wrongful Termination - Claim Eight

Plaintiff's eighth cause of action against Williams alleges wrongful termination in violation of public policy pursuant to Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980).  However, in California it is well established that,

6

"[a]s a matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public policy." Khajavi v. Feather River Anesthesia Med. Group, 84 Cal. App. 4th 32, 53 (2000); see also Jacobs v. Universal Development Corp., 53 Cal. App. 4th 692, 704 (1997); Phillips v. Gemini Moving Specialists, 63 Cal. App. 4th 563, 575 (1998). Plaintiff does not argue that Williams is an "employer." Plaintiff provides no support for maintaining this claim, except to again argue that the suit is brought against Williams solely in her "official capacity." For the reasons discussed above, this argument does not have merit. Accordingly, plaintiff's eighth claim will be dismissed as against defendant Williams.

      D.    <u>Negligence - Claim Nine</u>

      Plaintiff's ninth cause of action seeks to hold Williams liable under the common law tort of negligence, based specifically on her supposed failure to provide a work environment free of discrimination, harassment, and retaliation. Defendant argues that this claim must be dismissed as a matter of law because "except where a statutory exception applies, an employee or former employee cannot sue other employees based on their conduct relating to personnel actions." Sheppard v. Freeman, 67 Cal. App. 4th 339, 342 (1998). However, under California law, there is a distinct and relevant difference between "personnel actions" and "harassment." See Reno, 18 Cal. 4th 646 ("Making a personnel decision is conduct of a type fundamentally different from the type of conduct that constitutes harassment."). The Sheppard court itself noted that "a cause of action for sexual harassment is governed by statute (see Gov.

7

Code, § 12940) and we do not purport to limit it." <u>Sheppard</u>, 67 Cal. App. 4th at 346 n.6 (citation omitted).

In this case, plaintiff alleges that Williams harassed plaintiff due to her physical disability, pursuant to the same statutory section noted above in <u>Sheppard</u>.[4] Thus, because plaintiff's allegations of negligence against Williams include allegations of harassment, (Compl. ¶¶ 24, 68), plaintiff's ninth cause of action is <u>not</u> precluded as a matter of law. Accordingly, William's motion to dismiss plaintiff's ninth cause of action will be denied.[5]

E.   <u>ADA - Claim Ten</u>

The Ninth Circuit has held that "individual defendants cannot be held personally liable for violations of the ADA." <u>Walsh v. Nevada Dep't of Human Resources</u>, 471 F.3d 1033 (9th Cir. 2006) (citing and adopting the logic of <u>Miller v. Maxwell's Int'l Inc.</u>, 991 F.2d 583, 587 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII . . . .")). Plaintiff does not dispute the clear Ninth Circuit law, but again

---

[4] Indeed, this is plaintiff's second cause of action, which Williams does not seek to dismiss.

[5] It is not even clear that the rule set out in <u>Sheppard</u> is the law of California. The California Supreme Court has yet to rule on the issue, and "where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." <u>Dimidowich v. Bell & Howell</u>, 803 F.2d 1473, 1482 (9th Cir. 1986); <u>Commissioner of Internal Revenue v. Bosch</u>, 387 U.S. 456, 465 (1967). Several district courts that have addressed this particular issue have declined to follow the <u>per se</u> rule of <u>Sheppard</u>. <u>See</u> <u>Graw v. Los Angeles County Metro. Transp. Auth.</u>, 52 F. Supp. 2d 1152 (C.D. Cal. 1999); <u>Scott v. Solano County Health and Soc. Servs. Dep't</u>, 459 F. Supp. 2d 959 (E.D. Cal. 2006).

8

merely argues that the claim is valid because Williams is solely being sued in her "official capacity." As discussed previously, the court finds this argument unpersuasive. See <u>Coddington v. Adelphi Univ.</u>, 45 F. Supp. 2d 211, 217 (E.D.N.Y. 1999) ("The court further holds that it is not necessary to allow plaintiff to pursue his claims against [i]ndividual Defendants in their 'official' capacities. Official capacity lawsuits are appropriate in cases involving the naming of government officials. Where, as here, there is a private entity to name, there is no reason to allow a plaintiff to proceed against an individual in his 'official capacity.'"). Accordingly, plaintiff's tenth cause of action against Williams will be dismissed.

IT IS THEREFORE ORDERED that defendant Sandra Williams' motion to dismiss plaintiff's first, third, fourth, fifth, eighth, and tenth causes of action be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Sandra Williams' motion to dismiss plaintiff's ninth cause of action be, and the same hereby is, DENIED.

DATED: July 9, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE